**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| **DORIS NESBIT-HARRIS,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **CIVIL NO. 3:07CV696** |
| **ALPHONSO R. JACKSON,** Secretary, U.S. Department of Housing and Urban Development | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM OPINION**

This matter is before the Court, by the consent of the parties, on Defendant Alphonso Jackson's ("Defendant") Motion to Dismiss the Complaint (docket entry no. 11). For the reasons set forth herein, the Court will GRANT Defendant's motion.

**I. Factual Background and Procedural History**

Plaintiff in this action seeks the Court's review of the United States Department of Housing and Urban Development's ("HUD") Equal Employment Opportunity Office's ("EEO") final decision to dismiss her Age Discrimination in Employment Act ("ADEA") complaint as untimely. (Compl. ¶ 1.) Plaintiff was employed by HUD and worked in the Department's Office of Fair Housing and Equal Opportunity, in Richmond, Virginia. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Mem."), Attach., HUD's Final Action Letter dated Oct. 25, 2007, at 1.) The bases of Plaintiff's EEO Complaint were that she had been subjected to discrimination on the basis of her age (57) and in reprisal for participating in EEO activity when: (1) on April 23,

2007, she was issued a "Marginally Successful" performance review; (2) on July 27, 2007, she was placed on a Performance Improvement Plan ("PIP") and her telework schedule was suspended; and, (3) her supervisor subjected her to harassment and a hostile work environment. (Id.)

On July 26, 2007, Plaintiff contacted an EEO Counselor regarding her complaint. (Id.) Efforts to resolve Plaintiff's concerns in the pre-complaint stage were unsuccessful. (Id.) Accordingly, on August 24, 2007, Plaintiff received a Notice of Right to File a Discrimination Complaint. (Id.) The notice informed Plaintiff that if she wished to file a formal complaint, she must do so within fifteen (15) calendar days of the receipt of the Notice. (Id.) Plaintiff filed a formal complaint on September 11, 2007, which was beyond the fifteen-day time limit. (Id.)

Plaintiff claims that her failure to file the formal complaint in a timely manner was due to her "mental state." (Compl. ¶ 3.) In the formal complaint, Plaintiff indicated that she was, at the time she received the Notice, on leave from work due to stress, panic attacks, and depression, and that she was unable to work due to the medication prescribed to her by her doctor. (Def.'s Mem., Attach., HUD's Final Action Letter, at 2.)

HUD's EEO office dismissed Plaintiff's complaint as untimely, concluding that Plaintiff had not presented evidence sufficient to demonstrate that she was so incapacitated by her mental condition that she was unable to meet the regulatory time limits. (Id.) Plaintiff, in effect, appeals the EEO's dismissal of her complaint to this Court, seeking a reinstatement of her complaint with the HUD EEO. (Compl. ¶ 1.)

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952. Since Plaintiff is proceeding *pro se*, the Court is obliged to construe her pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Bell Atlantic Corp., the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than merely "conceivable." Id. Therefore, in

order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

### III. Analysis

The ADEA provides plaintiffs with two alternate routes through which they can pursue a claim of age discrimination. See Stevens v. Dep't of the Treasury, 500 U.S. 1, 5 (1991). A federal employee, such as Plaintiff in this case, can either: (1) invoke the EEOC's administrative process, and then file a civil action in United States District Court if he or she is not satisfied with his or her administrative remedies; or, (2) present the merits of the claim to the federal court in the first instance. Id.

The Supreme Court has not determined whether the ADEA mirrors Title VII's requirements for exhaustion; specifically, the Court has not specified whether it is necessary, when an ADEA plaintiff chooses to invoke the EEOC's administrative process, for that plaintiff to fully and properly exhaust her administrative remedies prior to submission of her claim to the appropriate federal court. The Supreme Court has, however, acknowledged the similarities between Title VII and the ADEA, namely, the elimination of discrimination in the workplace. See Oscar Mayer & Co. v. Evans, 441 U.S. 750, 756 (1979). By way of example, "[t]he Supreme Court has instructed that when the legislative history indicates that the source of a section in the ADEA was a complementary section in Title VII, the two statutes are to be construed consistently." Id.

It has been well-established that employees alleging discrimination under Title VII must first exhaust their administrative remedies before exercising their right of action in federal court. See Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (citing Patterson v. McLean Credit Union, 491 U.S. 164, 181 (1989); Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976)). The United States Supreme Court has emphasized the importance of administrative exhaustion generally, stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts . . . 'strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (quoting Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980)). The Second Circuit has held that the administrative exhaustion requirements for the ADEA are the same as those for Title VII. Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003). Although the Court of Appeals for the Fourth Circuit has not explicitly ruled on the issue as applied to the ADEA and the facts in this case, a number of Circuit Courts and District Courts have held that a plaintiff who chooses to invoke the EEOC's administrative procedures in an ADEA case must also strictly adhere to and exhaust his or her administrative remedies prior to filing an action in federal court. See Castro v. United States, 775 F.2d 399, 404 (1st Cir. 1985); Purtill v. Harris, 658 F.2d 134, 138 (3d Cir. 1981); see also Keaton v. J.F. Allen Co., Inc., 2005 WL 1488386, No. 04-1786, at *2 (W. Va. June 23, 2005) ("At a minimum, we conclude that [the plaintiff's] ADEA claim fails as a matter of law based on his failure to exhaust administrative remedies . . . .") To hold otherwise would in effect "frustrate the ability of the agency to deal with complaints" by "[a]llowing a plaintiff to abandon the administrative remedies he has initiated." Purtill, 658 F.2d at 138. Following the decisions

of those Circuits, this Court holds that Plaintiff was required to fully and appropriately comply with the EEO's administrative process prior to bringing suit in this Court. Plaintiff's failure to properly exhaust her administrative remedies in a timely manner warrants the dismissal of her action, see Irwin v, Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Oscar Mayer, 441 U.S. at 753, unless Plaintiff can prove that the Court should equitably toll the limitations period.[1]

Plaintiff in this case admits that she filed her formal complaint with the EEO one day after the fifteen-day limitations period for filing had expired. (Compl. ¶ 1.) Specifically, Plaintiff states that she "agrees that the 15 day requirement . . . is an integral part of the statutory and regulatory framework for maintaining non-discrimination in employment. However, [she] prays that the court will take into consideration the mental and emotional trauma and stress that the [she] has endured . . . ." (Pl.'s Mot. to Not Dismiss, at 5-6.) Plaintiff contends that she is entitled to equitable tolling of the limitations period based on her "incapacitated . . . mental state." (Compl. at ¶¶ 2-3.) In support of this argument, Plaintiff provides the Court with copies of "Excuse Slips" from her family physician, which state that Plaintiff was unable to return to work from August 24, 2007 to September 25, 2007, due to "illness." (Compl., Attach. A.) Plaintiff also attached to her "answer" a letter from her family physician, in which the physician states that she has been treating Plaintiff for severe anxiety and depression since August 24, 2007, and added medications during that time to help control the symptoms. (Pl.'s Answer, Attach. C.)

---

[1] It is important to emphasize that Plaintiff is not requesting permission to bypass the administrative process and file suit in this Court on the merits of her ADEA claim. Instead, she is asking the Court to reinstate her EEO complaint.

Plaintiff's conclusory and generally unsupported allegations of mental illness are insufficient to justify equitable tolling of the fifteen-day period in which she was required to file a formal complaint. The Fourth Circuit has stated that equitable tolling of limitations periods should be "sparingly applied." English v. Pabst Brewing Co., 828 F.2d 1047, 1049 (4th Cir. 1987). In English, the Court explained that equitable tolling decisions should generally focus on whether the defendant in the case acted in such a way as to affect the plaintiff's knowledge of her cause of action for the discriminatory act; for instance, where the defendant deceived the plaintiff to conceal the existence of a cause of action, and where plaintiff reasonably relied on the defendant's misrepresetations by failing to file a timely charge. Id. In the case before the Court, Plaintiff does not allege any wrongdoing or misrepresentations by the defendant or HUD.

Plaintiff merely claims that she is entitled to equitable tolling of the fifteen-day period as a result of her mental state. "As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004) (citing Grant v. McDonnel Douglas Corp., 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances such as institutionalization or adjudged mental incompetence")); see also Lyons v. Potter, 521 F.3d 981, 983 (8th Cir. 2008) ("Courts that have allowed equitable tolling based on mental illness have done so only in exceptional circumstances, such as where the complainant is institutionalized or adjudged mentally incompetent.") According to other circuits, the burden of proof is on the plaintiff seeking equitable tolling on the ground of mental incapacity to present evidence that her mental condition "prevented [her] from understanding and maintaining [her] affairs generally and from

complying with the deadline [s]he seeks to toll." Jessie v. Potter, 516 F.3d 709, 714-15 (8th Cir. 2008).

Plaintiff has not asserted or provided sufficient evidence that her mental condition rises to this level. She presents evidence only of the fact that her anxiety and depression prevented her from working for a period of time. This evidence is not sufficient to justify equitable tolling. In fact, Plaintiff filed her untimely formal complaint during the period in which she claims that she was incapacitated due to her mental state. This fact further undermines her argument that she was too incapacitated to follow the time requirements set forth by the EEO. Plaintiff's conclusory allegations and minimal support certainly do not rise to the level of demonstrating that she was unable to understand and maintain her affairs generally. Accordingly, Plaintiff is not entitled to equitable tolling of the fifteen-day period in which she was required, by the EEO, to file a formal complaint. Plaintiff therefore failed to properly exhaust her administrative remedies, and as a result, would be barred from raising her ADEA claim in this Court.[2]

Plaintiff did not, however, attempt to have the merits of her ADEA claim adjudicated in this Court. Rather, she requested that the Court toll the fifteen-day filing requirement and reinstate her ADEA claim before the EEO. For the reasons discussed above, equitable tolling is not appropriate in this case. Accordingly, Defendant's motion to dismiss (docket entry no. 11) will be GRANTED. Defendant's motion for a protective order (docket entry no. 16) will be DENIED AS MOOT.

---

[2] This result is not changed by the fact that Plaintiff filed her formal complaint only one day after the deadline. The Fourth Circuit has affirmed a district court's dismissal of a Title VII action for failure to timely file the complaint, where the complaint was filed one day late. Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 653 (4th Cir. 1987); see also Blount v. Shalala, 32 F. Supp. 2d 339 (D. Md. 1999).

     An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Date: June 3, 2008